In the Matter of the Claim of AIME DESMARAIS, Respondent, against M. F. C. SHORING & FOUNDATION COMPANY and LUMBER MUTUAL CASUALTY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and insurance carrier appeal from an award of the State Industrial Board granting disability compensation to claimant covering the period from February 21, 1941 to May 21, 1941. The State Industrial Board has found that claimant while engaged in the regular course of his employment and as he was about to enter a motor vehicle provided by his employer to transport him to work, was assaulted by four strikers, receiving injuries for which the award was made herein. There is ample evidence to sustain the findings and decision of the State Industrial Board, and the award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of WILLIAM DUNKER, Respondent, against EDWARD HELD, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The sole issue raised on this appeal is whether claimant was an employee or an independent contractor. He was employed to shovel snow from an outdoor skating rink, and for the same work he had been previously paid fifty cents an hour. The evidence is sufficient to sustain these facts and inferences: That claimant was hired as a laborer, was paid on an hourly basis, used the employer's shovel and was required to start work at a definite time. The Board found him to be an employee. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of DREBAN FISHER and THERESA FISHER (DREBAN FISHER, Deceased), Appellants, against BURNS BROTHERS COAL COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimants appeal. Injuries received after working hours and while employee was en route from the office of the employer located about three blocks from the place of employment, where the employee had gone to obtain his pay check. [State Industrial Board rescinded the award on ground that injuries suffered by employee did not arise out of and in the course of employment.] Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of HARRY MURRAY, Respondent, against SPERRY GYROSCOPE COMPANY, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was granted an award of one hundred per cent permanent loss of use of vision of the right eye as the result of an accident suffered by him September 10, 1936. There is no question about his having suffered the accident. The record shows that he had normal vision in his right eye before the accident. He had served with the Royal Air Forces from 1916 to 1920 and his vision was excellent. After the accident he was unable to see. The evidence supports the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.